IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RASHAD HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-1034-MHT-JTA |
| | ) | (WO) |
| DISCOVER BANK and NATHAN & | ) | |
| NATHAN, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the complaint filed by Plaintiff Rashad Hubbard, who is proceeding *pro se*. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.)

For the reasons stated herein, the undersigned recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    BACKGROUND

On December 30, 2025, Plaintiff filed his complaint alleging he entered into a credit card agreement with Defendant Discover Bank which included a binding arbitration clause. (Doc. No. 1 at 2.) Plaintiff alleges Defendant Discover Bank filed a collection lawsuit in Alabama state court "instead of initiating arbitration." (*Id*.) Plaintiff further alleges Defendant Nathan & Nathan, P.C. prosecuted the lawsuit and obtained a default judgment against him. (*Id*.) Plaintiff brings four claims: (1) breach of contract; (2) violation of the

Federal Arbitration Act ("FAA"); (3) abuse of process; and (4) unjust enrichment. (*Id*. at 2–3.) Plaintiff seeks a jury trial, return of all funds, binding arbitration, a declaration the state court judgment is void and damages. (*Id*. at 3.)

Plaintiff alleges this court may properly exercise diversity jurisdiction "because the parties are citizens of different states and the amount in controversy exceeds $75,000." (*Id*. at 1.) Plaintiff further alleges this court may exercise federal question jurisdiction "because this action arises under the Federal Arbitration Act[.]" (*Id*.)

Because the FAA does not confer subject matter jurisdiction and Plaintiff failed to allege the parties' places of citizenship in his complaint, the court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction on or before July 23, 2026. (Doc. No. 24.) The court warned Plaintiff "***that failure to comply with this Order will result in the undersigned recommending dismissal of this case for lack of subject matter jurisdiction***." (*Id*. at 3 (emphasis in original).) To date, Plaintiff has not shown cause nor otherwise responded to the court's Order.

## II.    STANDARD OF REVIEW

Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). If a district court determines that it lacks subject matter jurisdiction, it must dismiss the case. *See, e.g., Hakki v. Dep't of Veterans Affairs*, 7 F.4th 1012, 1023 (11th Cir. 2021) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir.

2021)); *Univ. of S. Ala.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court has an affirmative duty to "zealously [e]nsure that jurisdiction exists over a case," and this inquiry should be undertaken "at the earliest possible stage in the proceedings." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Univ. of S. Ala.*, 168 F.3d at 410.

The court must consider a plaintiff's *pro se* status when evaluating a complaint. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," the court will normally grant the plaintiff leave to amend.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may deny leave to replead when doing so would be futile. *See id.* at 182.

### III.   DISCUSSION

Federal district courts exercise limited jurisdiction. *Thermoset Corp. v. Building Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). For a district court to adjudicate a claim it must have diversity or federal question subject matter jurisdiction, or it must act pursuant to a specific statutory grant of jurisdiction. *Id.* (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Diversity jurisdiction requires the case to "be between 'citizens of different states'" and the amount in controversy must exceed $75,000.00. *Thermoset Corp.*, 849 F.3d at 1317 (quoting 28 U.S.C. § 1332(a)(1)); 28 U.S.C. § 1332(a). Federal question jurisdiction exists where a claim "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff has the burden of establishing federal subject matter jurisdiction. *See Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." (citation omitted)); Fed. R. Civ. P. 8(a)(1) (providing that "a pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction"). Here, Plaintiff has not satisfied his burden.

Although Plaintiff conclusorily alleges this court has jurisdiction over this matter based on diversity jurisdiction "because the parties are citizens of different states and the amount in controversy exceeds $75,000," he does not allege his citizenship nor the

citizenship of each Defendant in the complaint. (Doc. No. 1 at 1.) Thus, Plaintiff has not met his burden to show diversity jurisdiction exists.[1]

As to federal question jurisdiction, Plaintiff alleges this court has federal question jurisdiction "because this action arises under the Federal Arbitration Act, 9 U.S.C. § 1–16." (Doc. No. 1 at 1.)[2] "As courts have long held, however, the FAA does not confer subject matter jurisdiction on federal courts." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Rather, "federal courts must have an independent basis to entertain cases arising under the FAA." *Id*. Hence, the FAA does not provide this court with federal question jurisdiction. *See Hubbard v. Scott & Assocs., P.C.*, No. 2:26-cv-61-RAH-SMD, 2026 WL 1091189, at *3 (M.D. Ala. Apr. 22, 2026) (holding the court lacked subject matter jurisdiction in part because "the FAA does not confer subject matter jurisdiction [on] a federal court"). The face of Plaintiff's complaint provides no other basis for federal question jurisdiction.[3] Consequently, Plaintiff has not met his burden to establish federal question jurisdiction.

---

[1] Additionally, it appears diversity jurisdiction does not exist because both Plaintiff and Defendant Nathan & Nathan, P.C. are citizens of Alabama. (*See* Doc. No. 1 at 1; Doc. No. 25 at 5.)

[2] Specifically, Plaintiff alleges Defendants violated 9 U.S.C. §§ 3–4 of the FAA. (Doc. No. 1 at 2.)

[3] For federal question jurisdiction, "a claim arises under federal law when the face of the complaint presents a federal question." *Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021) (citing *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)). *See also Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005) ("Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint." (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)). Here, Plaintiff's complaint does not present a federal question nor contain any facts to establish the presence of a federal question.

As to amendment, Plaintiff was provided fair notice of the jurisdictional defects contained within his complaint and was afforded an opportunity to address the defects identified by the court. (*See* Doc. No. 24.) Plaintiff did not respond nor seek amendment. Because Plaintiff failed to respond when afforded the opportunity, the undersigned is forced to conclude that directing Plaintiff to amend would be futile.[4]

Consequently, Plaintiff has failed to establish this court may exercise subject matter jurisdiction over this action and this case should be dismissed without prejudice for lack of subject matter jurisdiction. *See Kennedy*, 998 F.3d at 1235 ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (quoting *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)); *Univ. of S. Ala.*, 168 at 410 ("'Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *Mays v. McCalla Reymer Leifert Pierce*, No. 2:26-cv-43-MHT-JTA, 2026 WL 931047, at *3 (M.D. Ala. Mar. 16, 2026) (recommending *sua sponte*

---

[4] Considering Plaintiff failed to comply with a court order, even if Plaintiff amended the complaint to establish subject matter jurisdiction, the court could dismiss this action without prejudice for failure to comply with a court order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31.

dismissal for lack of subject matter jurisdiction), *report and recommendation adopted,* No. 2:26-cv-43-MHT, 2026 WL 930593 (M.D. Ala. Apr. 6, 2026).

## IV.    CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS as follows:

1. This case be DISMISSED without prejudice for lack of subject matter jurisdiction.

2. The pending motion (Doc. No. 12) be DENIED as moot.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **August 21, 2026**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiffs are advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 7th day of August, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE